UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN WHITE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-2080 |
| § | |
| BROKER SOLUTIONS, INC. d/b/a NEW § | |
| AMERICAN FUNDING § | |
| and § | |
| PROCTOR FINANCIAL, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

### I.

Pending before the court is the plaintiff's, Brian White's Amended Petition (Dkt. No. 1-3) and the defendant's, Proctor Financial, Inc. (Proctor), motion to dismiss (Dkt. No. 4). After considering the pleadings in this matter, the Court determines that Proctor's motion should be DENIED.

### II.

On October 1, 2018, White purchased a home in Houston for $365,000, approximately 68% of which was financed through a third-party lender. Subsequently, New American Funding (New American) bought the mortgage loan. White eventually demolished the house and allowed the insurance to lapse since no structure existed on the land. New American notified White that it did not have proof of insurance on file for the property and that it would be forced to purchase hazard and liability insurance if he did not insure it. New American explained that it would create an escrow account which would immediately have a negative balance of $35,000 resulting

in an increase in White's monthly payment from $1,684.70 to $9,596.70, in order to pay for the coverage.

In March of 2020, White informed New American that he had demolished the house and that there was no longer an improvement to insure. In light of this change, New American informed him that hazard insurance was no longer necessary, but that liability insurance was. White then purchased liability coverage for $625.25 for the year and sent proof to New American. In spite of these events, on May 1, 2020, New American debited White's bank account for $9,596.70 to fund an escrow account for a policy that it purchased from Proctor. Seeking to have those funds returned to his bank account, White contacted New American and commenced this case.

White brings this suit against New American and Proctor for conversion, violating the Texas Deceptive Trade Practices Act, violating Texas Insurance Code, negligence and gross negligence. Proctor moves to dismiss White's suit. White has failed to respond; however, that failure alone does not provide a basis for dismissal. *Johnson v. Pettiford,* 442 F.3d 917, 918–19 (5th Cir.2006).

### III.

Upon reviewing the pleadings in this matter, the Court determines that dismissal is not appropriate. The insurance premium payment raises a "red flag" concerning the conduct of the defendants. Proctor moves to dismiss White's complaint, arguing that he has failed to allege any facts against it but has simply lumped Proctor into his claims against New American.

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). Moreover, in

light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Here, White alleges that both defendants participated in a transaction that was improper, and that violated Texas law. Whether Proctor was a knowing participant in the scheme that White asserts is yet to be determined. Therefore, the Court is of the view that a motion to dismiss is an improper method for resolving the dispute. Hence, the motion to dismiss is Denied.

It is so ORDERED.

SIGNED on this 28th day of September, 2020.

_____
Kenneth M. Hoyt
United States District Judge